UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PILOT TRAVEL CENTERS, LLC,**

      **Plaintiff,**

v.

**THE SAN-GRA CORPORATION, et al.,**

      **Defendants.**

Case No. 2:04-cv-894
**JUDGE GREGORY L. FROST**
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This diversity case is before the Court for consideration of a motion to dismiss/motion for summary judgment (Doc. # 4) filed by Defendant United States Fidelity & Guaranty Company, a memorandum in opposition (Doc. # 12) filed by Plaintiff, Pilot Travel Centers, LLC, and a reply memorandum (Doc. # 14) filed by United States Fidelity & Guaranty Company.  For the reasons that follow, this Court finds the motion well taken.

### I.  Background

Pilot is a company engaged in the travel business with multiple travel centers nationwide. On April 13, 1998, Pilot entered into a contract with Defendant The San-Gra Corporation ("San-Gra") under which San-Gra would construct one such travel center at the intersection of Wilson Road and Interchange Drive in Columbus, Ohio.  USF&G, an insurance company, agreed issued a performance and payment bond in connection with this project.

The project called for San-Gra to construct an oil-water separator system to remove diesel oil from surface water runoff.  On February 10, 2004, the Ohio Environmental Protection Agency ("OEPA") contacted Pilot regarding diesel fuel that had apparently escaped from Pilot's

1

travel center into nearby storm sewers, from the sewers into a stream, and ultimately from the stream and into a retention pond in an adjacent neighborhood. As part of its consequent remediation of the problem, Pilot excavated the oil-water separator system. Pilot asserts that it then discovered that San-Gra had improperly installed the system. Ten days after being contacted by the OEPA, Pilot notified San-Gra of the problem and sought indemnification for repair costs. Because San-Gra did not indemnify Pilot pursuant to this or other contacts, Pilot reasons that San-Gra has defaulted on its contract and that USF&G therefore assumes the indemnification responsibility.

After neither defendant paid, Pilot subsequently filed the instant action on September 16, 2004. (Doc. # 1.) Seeking no less than $141,040.99, Pilot asserts two causes of action against the general contractor, San-Gra–breach of contract and unworkmanlike conduct–and one cause of action against the surety, USF&G, for breach of contract. (Doc. # 1, at 5-6.) USF&G has filed a motion to dismiss the applicable third count of Pilot's Complaint. (Doc. # 4.) That motion is now ripe for disposition.

## II. Discussion

### A. Standard Involved

USF&G captions its motion targeting Pilot's sole claim against the company as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Dismissal is warranted under that rule " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)), *cert. denied*, 520 U.S. 1251 (1997). The focus is therefore not on whether Pilot will ultimately prevail in its claim against USF&G, but

rather on whether Pilot has offered "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)). In making such a determination, this Court must " 'construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein.' " *Sistrunk*, 99 F.3d at 197 (quoting *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994)). The Court need not, however, accept conclusions of law or unwarranted inferences of fact. *Perry v. American Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003).

When a movant relies upon evidence outside the pleadings, such as in this case, a court is permitted, under certain circumstances, to treat a motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(b). USF&G expressly asks this Court to do just that, citing its reliance on the affidavit of Les Granger, the president of San-Gra. (Doc. # 4, at 5 n.2.) Pilot agrees with such action, asserting that "USFG's motion ... must be converted into a motion for summary judgment." (Doc. # 12, at 5.) Accordingly, the Court shall treat USF&G's motion as one for summary judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must therefore grant a motion for summary judgment here if Pilot, the nonmoving party who has the burden of proof at trial, fails to make a showing sufficient to establish the existence of an element that is essential to its case. *See*

*Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor Pilot, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

**B. Analysis**

USF&G moves for a favorable judgment on Pilot's claim for breach of contract on the grounds that the claim is time-barred under the language of the performance bond. The bond provides in relevant part that "[a]ny suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due." (Doc. # 1, Ex. B, Performance Bond, at 2.) Although this clear and unambiguous provision would impose a shorter statute of limitations than otherwise applies in a breach-of-contract action,

> it is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period.

*Order of United Commercial Travelers of America v. Wolfe*, 331 U.S. 586, 608 (1947). *See also Lane v. Grange Mut. Cos.*, 45 Ohio St. 3d 63, 64, 543 N.E.2d 488, 489 (1989) ("an insurance policy may limit the time for an action on the contract to less than fifteen years if a reasonable time for suit is provided").

The bond language directs this Court to the contract between Pilot and San-Gra. Article 6 of the contract provides:

> Final payment, constituting the entire unpaid balance of the Contract Sum, shall be made by the Owner to the Contractor when (1) the Contract has been fully performed by the Contractor except for the Contractor's responsibility to correct nonconforming Work as provided in Subparagraph 12.2.2 of the General Conditions and to satisfy other requirements, if any, which necessarily survive final payment; and (2) a final Certificate for Payment has been issued by the Architect; such final payment shall be made by the Owner not more than 30 days after issuance of the Architect's final Certificate for Payment ... .

(Doc. # 1, Ex. A, Contract, at 5.) Also relevant here is General Condition 9.4.1, which provides:

> The Architect will, within seven days after receipt of the Contractor's Application for Payment, either issue to the Owner a Certificate for Payment, with a copy to the Contractor, for such amount as the Architect determines is properly due, or notify the Contractor and Owner in writing of the Architect's reasons for withholding certification in whole or in part as provided in Subparagraph 9.5.1.

(Doc. # 1, Ex. A, Contract–General Conditions, at 28.) Citing the foregoing provisions, USF&G argues that because final payment became due on May 7, 1999–seven days after serving Pilot with a revised final pay application–the statute of limitations for Pilot's claim expired well before the filing of the September 16, 2004 Complaint.

Of course, Pilot disagrees with USF&G's analysis. Pilot asserts that because it made final payment to San-Gra on October 21, 2003, it had until October 21, 2005 to assert its claim against USF&G. To explain the different dates, Pilot directs this Court to Supplementary

5

Condition 1.15 to the contract between Pilot and San-Gra. Condition 1.15 provides that "Article 9 of the General Conditions is amended by changing all references of 'Architect' to 'Owner's Representative.' " (Doc. # 1, Ex. A, Contract–Supplementary Conditions, at 00800-5.) This change, Pilot avers, meant that before final payment was due, Pilot's representative had to issue a final Certificate for Payment. Design Manager Patrick Deptula was the designated Owner's Representative for the project. (Doc. # 12, Ex. 1, Deptula Aff., at 2 ¶ 5.) By affidavit, he testifies that unfinished work by San-Gra involving storm sewers led to San-Gra not submitting a valid invoice for final payment until October 2003, which he approved by issuing a final Certificate for Payment, resulting in an October 2003 final payment. (Doc. 12, Ex. 1, Deptula Aff., at 2-3 ¶¶ 10-13.)

  USF&G asserts that Pilot's rationale fails to take into account that Pilot failed to act on the earlier April 1999 application for final payment within the seven-day time period set forth within the general conditions of the contract, thereby causing the application to become final as a matter of contract. Relying on a timeline set forth in Granger's Affidavit, USF&G further argues that it never received the July 27, 1999 letter from Pilot to San-Gra upon which Pilot relies in its unfinished-work argument, that the letter sets forth additional work that is outside the scope of the agreement, and that at best Pilot sent the letter *after* the seven-day period had expired.

  This Court agrees with USF&G's analysis. Pilot cannot rely upon its breach of General Condition 9.4.1 of the contract to bootstrap an extension of the reasonable statute of limitations set forth in the bond. By failing to act within seven days, Pilot waived its right to contest the application for final payment, payment became due, and the statute of limitations expired two years after final payment was due. Accordingly, based upon the limited evidence before the

Court, this Court concludes that USF&G is entitled to judgment as a matter of law. Having reached this conclusion, the Court need not and does not address the parties' remaining alternative arguments.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** USF&G's motion. (Doc. # 4.) The third count of the Complaint is dismissed. Counts One and Two against San-Gra remain pending.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE